UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NAZIM I. GUITY,

                        Plaintiff,                        18-cv-10387 (PKC)

      -against-                                OPINION
                                                                 AND ORDER

ANTHONY SANTOS, et al.,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Nazim I. Guity ("Guity") brings this action against Anthony Santos, professionally known as Romeo Santos, ("Santos"), Sony Music Entertainment, Inc., Sony Music Holdings, Inc., and Sony Corporation of America (collectively, "Sony"), Milton "Alcover" Restituyo ("Alcover"), and We Loud, LLC, doing business as We Loud Studios, LLC and formerly known as Los Mejores Studios ("We Loud"). Guity alleges that defendants recorded, released, and profited from a song by Santos that infringed Guity's copyrighted work. Santos and Sony ("Movants") move to dismiss the case under Rule 12(b)(6) for failure to state a claim. For the reasons below, Movants' motion to dismiss will be granted.

BACKGROUND

        In 2011, Guity composed and authored a musical composition, entitled "Eres Mia" (the "Guity Song"). (Compl. ¶ 10). At some later point, Guity hired defendants Alcover and We Loud to assist in the creation of a master recording of the Guity Song. (Compl. ¶¶ 11–12). On March 25, 2014, Guity was granted a copyright for the Guity Song. (Compl. ¶ 18). "Contemporaneously with, and subsequent to" the recording of the Guity Song, Alcover and We Loud worked with Santos to record a song also entitled "Eres Mia" (the "Santos Song"). (Compl.

¶¶ 15–16). Following the recording of the Santo Song, Santos worked with Sony to market and commercially distribute this work. (Compl. ¶¶ 38–39). Guity alleges that the Santos Song incorporates protected elements of and is so substantially similar to the Guity Song as to constitute copyright infringement. (Compl. ¶¶ 20–21).

In the present action, Guity brings four claims: (1) copyright infringement based on a failure to obtain a mechanical license and/or pay royalties (Compl. ¶¶ 22–34); (2) copyright infringement based on defendants' creation, distribution, and claim of ownership in a work that infringed Guity's protected work (Compl. ¶¶ 35–44); (3) civil conspiracy to commit copyright infringement (Compl. ¶¶ 46–48); and (4) an accounting and constructive trust (Compl. ¶¶ 49–52).

Guity initially filed this action in the Eastern District of Pennsylvania. (Compl. at 1). On September 26, 2018, Judge Michael M. Baylson ordered the action transferred to the Southern District of New York pursuant to both 28 U.S.C. § 1404(a) and § 1406(a). (Order, Guity v. Santos, No. 17-cv-3447 (E.D. Pa. Sept. 26, 2018) (Doc. 39)). On March 7, 2019, Santos and Sony filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., (Defs.' Mot. to Dismiss Pls.' Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 53)),[1] arguing that Guity's claims fail as a matter of law because, there is no substantial similarity between the Guity Song and the Santos Song and therefore is no copyright infringement, (Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pls.' Compl. at 3 (Doc. 54 at 3)).

RULE 12(b)(6) STANDARD

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,

---

[1] Though named as defendants in the complaint, Alcover and We Loud have not appeared in this action and there is no indication that either has even been served. The time to serve these two defendants under Rule 4(m), Fed. R. Civ. P., long ago expired.

678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing the sufficiency of a pleading, a court must disregard legal conclusions, which are not entitled to the presumption of truth. Id. Instead, the Court must examine the well-pleaded factual allegations, which are accepted as true, and "determine whether they plausibly give rise to an entitlement to relief." Id. at 678–79. "Dismissal is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208–09 (2d Cir. 2014) (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)).

"[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'" Halebian v. Berv, 644 F.3d 122, 130 (2d Cir. 2011) (quoting Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006)). A court reviewing a Rule 12(b)(6) motion "does not ordinarily look beyond the complaint and attached documents in deciding a motion to dismiss brought under the rule." Id. A court may, however, "consider 'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit.'" Stratte-McClure v. Morgan Stanley, 776 F.3d 94, 100 (2d Cir. 2015) (first alteration in original) (quoting Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)). As such, "[i]n copyright infringement actions, 'the works themselves supersede and control contrary descriptions of them.'" Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (quoting Walker v. Time Life Films, Inc., 784 F.2d 44, 52 (2d Cir. 1986)).

DISCUSSION

In support of their motion to dismiss, Movants submitted several exhibits, including audio files of the two songs at issue, (Exs. B & E (Doc. 54 at 35, 45)), and a signed supporting declaration, (Ex. C (Doc. 54 at 37)), as well as certified Spanish-to-English written translations of the two songs, (Exs. D & F (Doc. 54 at 40, 47)). The Court considers these audio files because the two works at issue "themselves supersede and control" and were relied upon by plaintiff when crafting the complaint. Peter F. Gaito Architecture, 602 F.3d at 64; see also McDonald v. West, 138 F. Supp. 3d 448, 453 (S.D.N.Y. 2015), aff'd, 669 F. App'x 59 (2d Cir. 2016) ("Courts in this district regularly apply this rule in music copyright cases to listen to the songs at issue when evaluating a motion to dismiss."). As plaintiff does not contest the accuracy of the certified translations, the Court takes judicial notice of them. Grisales v. Forex Capital Mkts. LLC, No. 11-cv-228 (NRB), 2011 WL 6288060, at *2 n.7 (S.D.N.Y. Dec. 9, 2011) ("We note that we can also take judicial notice of this uncontested translation in proceeding under Rule 12(b)(6)." (citing Negrin v. Kalina, No. 09-cv-6234 (BSJ), 2010 WL 2816809, at *2 n.4 (S.D.N.Y. July 15, 2010)).

Plaintiff's opposition brief contains factual allegations not included in the complaint, (Mem. of Law in Supp. of Pl.'s Resp. to Defs.' Rule 12(b) Mot. to Dismiss at 4 (Doc. 60 at 4)), and attaches as exhibits a declaration, (Declaration of Nazim I. Guity (Doc. 60-2)), and two musicological reports, (Eres Mia Musicological Report (Doc. 60-3); Musicological Report Prt. 2 (Doc. 60-4)). The facts newly alleged in plaintiff's opposition brief and the attached exhibits were neither incorporated by reference into the complaint nor relied upon by plaintiff when crafting the complaint and, as such, were not considered by the Court when deciding Movants' motion to dismiss.

I.      Legal Standard for a Copyright Infringement Claim.

A claim of copyright infringement requires a plaintiff to plausibly allege "(1) ownership of a valid copyright, and (2) the defendants' copying of constituent, original elements of plaintiff's copyrighted work." McDonald, 138 F. Supp. 3d at 453 (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). A showing of copying in turn requires plaintiff to plausibly allege that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." Peter F. Gaito Architecture, 602 F.3d at 63 (quoting Hamil Am. Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999)). For the purposes of this motion, the Court assumes, and Movants do not dispute, that plaintiff has sufficiently alleged ownership of a valid copyright and actual copying of plaintiff's work by defendants. Movants instead argue that plaintiff has failed to plausibly allege substantial similarity between the Guity Song and the Santos Song. (Doc. 54 at 5–15).

A district court may "resolve the question of substantial similarity as a matter of law on a Rule 12(b)(6) motion to dismiss." Peter F. Gaito Architecture, 602 F.3d at 65. For the substantial similarity analysis, "no discovery or fact-finding is typically necessary, because what is required is only a visual [or] [aural] comparison of the works." May v. Sony Music Entertainment, 399 F. Supp. 3d 169, 181 (2019) (second alternation in original) (quoting Peter F. Gaito Architecture, 602 F.3d at 64). "If, in making that evaluation, the district court determines that the two works are not substantially similar as a matter of law, the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief." Peter F. Gaito Architecture, 602 F.3d at 64 (internal citation and quotation marks omitted). Two works are not substantially similar as a matter of law "either because the similarity between two works concerns only non-copyrightable elements of the

plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." Id. at 63 (quoting Warner Bros. Inc. v. Am. Broad. Cos., 720 F.2d 231, 240 (2d Cir. 1983)).

Copyright protects only the original elements of a work, meaning those components which were independently created and display "at least some minimal degree of creativity." Feist, 499 U.S. at 345. "Single words or short phrases 'which do not exhibit the minimal creativity for copyright protection' are not protectible expression." Pyatt v. Raymond, No. 10-cv-8764 (CM), 2011 WL 2078531, at *6 (S.D.N.Y. May 19, 2011), aff'd, 462 F. App'x 22 (2d Cir. 2012), as amended (Feb. 9, 2012) (quoting Arica Inst., Inc. v. Palmer, 970 F.2d 1067, 1072 (2d Cir. 1992)). Similarly, copyright protects neither "generalized idea[s] or themes," Walker, 784 F.2d at 48–49, nor "the basic building blocks of music, including tempo and individual notes," McDonald, 138 F. Supp. 3d at 454. However, "a work may be copyrightable even though it is entirely a compilation of unprotectible elements" if the work consists of "the original way in which the author has 'selected, coordinated, and arranged' [its] elements." Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1004 (1995) (quoting Feist, 499 U.S. at 358). Therefore, a song that combines and organizes non-protected lyrical phrases, notes, tempos, and themes into a unique work may still be protected under the copyright laws.

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." Peter F. Gaito Architecture, 602 F.3d at 66 (alteration in original) (quoting Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001)). "In applying the socalled 'ordinary observer test,' we ask whether 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" Id.

(quoting Knitwaves, 71 F.3d at 1002). "In the context of music plagiarism, the Second Circuit has described this ordinary observer test as requiring proof that 'defendant took from plaintiff's works so much of what is pleasing to the ears of lay listeners, who comprise the audience for whom such . . . music is composed, that defendant wrongfully appropriated something which belongs to the plaintiff.'" Pyatt, 2011 WL 2078531, at *4 (alternation in original) (quoting Repp & K & R Music, Inc. v. Webber, 132 F.3d 882, 889 (2d Cir. 1997)).

When evaluating "works 'that have both protectible and unprotectible elements,' [the court's] analysis must be 'more discerning' and [the court] instead 'must attempt to extract the unprotectible elements from [its] consideration and ask whether the protectible elements, standing alone, are substantially similar.'" Peter F. Gaito Architecture, 602 F.3d at 66 (first quoting Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp., 25 F.3d 119, 123 (2d Cir. 1994) and then quoting Knitwaves, 71 F.3d at 1002). However, when applying this "more discerning observer" test, courts should not "dissect the works into their separate components, and compare only those elements which are in themselves copyrightable," but instead "compar[e] the contested design's 'total concept and overall feel' with that of the allegedly infringed work as instructed by our 'good eyes and common sense.'" Id. (first quoting Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 133 (2d Cir. 2003) and then quoting Hamil Am., 193 F.3d at 102). "Thus, in the end, [the] inquiry necessarily focuses on whether the alleged infringer has misappropriated 'the original way in which the author has "selected, coordinated, and arranged" the elements of his or her work.'" Id. (quoting Knitwaves, 71 F.3d at 1004).

II. <u>Plaintiff Fails to State a Claim for Copyright Infringement</u>

Plaintiff argues that the Santos Song infringes upon the copyrighted Guity Song, alleging substantial similarity between the works taken in their entireties. (Compl. ¶¶ 20–21).

Plaintiff also generally identifies protectible elements of the Guity Song and alleges that "[c]ertain" of these elements were infringed upon by the Santos Song. (Compl. ¶¶ 14, 17). As explained below, plaintiff's claims fail because (1) the alleged protectible elements of the Guity Song are either not protected under copyright or insufficiently pled as to allow for a finding of protectiblity, and, (2) taken in their entireties, the songs are not substantially similar.

      A.      The Alleged Protected Elements of the Guity Song Are Either Not Protected or Insufficiently Pled, so Cannot Support a Claim of Copyright Infringement.

Plaintiff alleges that the Guity Song contained several protectible elements under copyright law, "[c]ertain" of which have been infringed by the Santos Song. (Compl. ¶¶ 14, 17). Upon examination, none of the listed components alone are sufficient to support a claim of copyright infringement.

First, some of the listed protectible elements do not qualify as such on the facts here. For instance, plaintiff alleges that the Guity Song's "unique lyrical themes" and "substantially similar concept behind the song's theme" are protected. (Compl. ¶ 14). However, the themes at issue in the Guity Song, love and desire, are the exact type of broad themes that lie beyond copyright's protection. Walker, 784 F.2d at 48–49. Similarly, plaintiff identifies the Guity Song's "unique song title," "Eres Mia," as a protectible element and then points to the Santos Song's use of the same title as evidence of defendants' infringement. (Compl. ¶¶ 14, 20). Yet, this phrase, which translates as "You're Mine" in English, is too short and generic to meet the required threshold for creativity and thereby qualify for copyright protection. Arica Inst., Inc., 970 F.2d at 1072–73; see also McDonald, 138 F. Supp. 3d at 56 (holding that "Made in America" was not copyrightable as a song title). As such, the shared titles of the Guity and Santos Songs cannot serve as the basis for a copyright infringement claim.

Second, for the remaining listed protectible elements of the Guity Song, plaintiff fails to plausibly allege which, if any, of these elements have actually been infringed by the Santos Song. Specifically, while several of plaintiff's alleged protectible elements could qualify as such, including the "unique lyrical hook," "unique lyrical content," "substantially similar melody," and "substantially similar guitar arrangements," (Compl. ¶ 14), plaintiff only actually alleges that "[c]ertain of the copyrightable elements contained in plaintiff's [Guity] Song were incorporated into defendant's song." (Compl. ¶ 17). Without a specific identification of the protected elements actually infringed upon by the Santos Song, plaintiff's complaint fails to plead substantial similarity concerning a protected element of the Guity Song and therefore fails "state a claim to relief that is plausible on its face."

Plaintiff fails to plausibly allege that specific protectible elements of the Guity Song were infringed by the Santos Song and therefore cannot maintain claims of copyright infringement on this theory.

   B.  The Guity Song and the Santos Song Taken in Their Entireties Are Not <u>Substantially Similar</u>.

Plaintiff also alleges that the Santos Song "is so substantially similar to" the copyrighted Guity Song as to constitute copyright infringement. (Compl. ¶ 21). Upon examination, the Court finds that the Guity Song and the Santos Song are not substantially similar and plaintiff therefore cannot support a claim of copyright infringement.

Though plaintiff has failed to adequately allege infringement of specific protectible elements of the Guity Song, copyright extends protection to non-protected elements organized and arranged into an original work. <u>Knitwaves</u>, 71 F.3d at 1004. As such, plaintiff can still maintain a claim for copyright infringement if he can adequately plead that the Santos Song has taken "from

plaintiff's works so much of what is pleasing to the ears of lay listeners." Pyatt, 2011 WL 2078531, at *4. Here, plaintiff cannot do so.

Under either the reasonable observer test, which requires the Court to evaluate the similarities between works through the eyes of an average lay listener, or the more discerning observer test, which requires the Court to look mainly at the protected elements of a song, the "total concept[s] and overall feel[s]" of the Guity Song and the Santos Song respectively are so distinct as to prevent a finding of substantial similarity. Specifically, though plaintiff argues that the songs' lyrics contribute to their alleged substantial similarity, (Doc. 60 at 12), the only commonalities apparent between the songs' lyrics are the use of the phrase "eres mia" and some individual words, such as "love," "mine," "night," and "baby" (as a term of affection). However, "eres mia" appears only three times in the Guity Song and does not play a unique or important role in the composition. The infrequent use of such a short generic phrase is insufficient to support a finding that the total concept and overall feel of the songs' lyrics are substantially similar. See Pyatt, 2011 WL 2078531, at *8 ("Nor will substantial similarly [sic] be found if only a small, common phrase appears in both the accused and complaining songs; unless the reappearing phrase is especially unique or qualitatively important, there is no basis for inferring copying." (quoting Stratchborneo v. Arc Music Corp., 357 F. Supp. 1393, 1404 (S.D.N.Y. 1973))). The shared usage of single everyday words also fails to show substantial similarity between the two songs. Id. at *6 ("Single words . . . 'which do not exhibit the minimal creativity for copyright protection' are not protectible expression."). This is especially true when, as here, the single words are employed differently in the two relevant works.

Musically, plaintiff alleges that are "various substantial similarities" between the Guity Song and the Santos Song, pointing to the songs' respective choruses and hooks. (Doc. 60

at 7). Plaintiff also argues, despite explicit case law to the contrary, that "an ordinary observer with no musical background may very well be incapable of applying the 'total concept and feel test' to determine substantial similarity." (Doc. 60 at 11). Disregarding plaintiff's flatly incorrect characterization of the relevant standard, the Court has listened to both the Guity Song and Santo Song, with a particular focus on the highlighted chorus and hook, to determine if the "total concept and overall feel" of both songs would suggest to the ordinary listener that the Santos Song has appropriated from the Guity Song.

The Court concludes that, upon listening to the Santos Song, the average listener could find little in common with the Guity Song and, as such, no reasonable jury could find the two works to be substantially similar. Overall, the two songs have little to nothing in common other than their title. The Guity Song is a straightforwardly brooding hard rock song, containing extended guitar riffs. In contrast, the Santos Song is a light but complex bachata,[2] containing varying rhythms and a bongo accompaniment. The lyrical narratives, tempos, and melodies of the two songs are distinct, and plaintiff himself admits that the bachata Santos Song is stylistically distinct from the rock-and-roll Guity Song. (Doc. 60 at 5). As the average listener would not recognize the Santos Song as having appropriated from the Guity Song "what is pleasing to the ears," the Court concludes plaintiff's claim fails the ordinary observer test and, as a matter of law, cannot show substantial similarity between the two songs taken in their entireties. See Pyatt v. Raymond, 462 F. App'x 22, 24 (2d Cir. 2012), as amended (Feb. 9, 2012) ("The songs are lyrically and musically distinct and the district court correctly concluded that the claim failed the ordinary observer test.").

---

[2] "Bachata" is "[a] style of romantic music originating in the Dominican Republic." (Doc. 60 at 5).

Focusing closely on the potentially protectible elements of the Guity Song, including the chorus and hook, does not aid plaintiff's cause. The complaint fails to allege that any specifically protectible portion of the Guity Song, such as song structure, chord progression, or lyrical rhythms, was appropriated by the Santos Song. Evaluating the total concept and overall feel of the Santos Song in light of Guity Song, the Court concludes plaintiff's claim fails the more discerning observer test and, as a matter of law, cannot support a finding of substantial similarity. As such, plaintiff cannot maintain a claim for copyright infringement.

* * *

As no reasonable jury could find substantial similarity between the Santos Song and either specific protectible elements of the Guity Song or the Guity Song taken in its entirety, plaintiff cannot make out a claim for copyright infringement and Movants' motion to dismiss the complaint will be granted.

CONCLUSION

The motions of Santos and Sony to dismiss the complaint are GRANTED. The Clerk is directed to terminate this motion. (Doc. 53). Plaintiff having failed to either (a) serve Alcover and We Loud within the time provided in Rule 4(m), Fed. R. Civ. P., or (b) seek an exclusion of time to do so, Alcover and We Loud are dismissed without prejudice. The Clerk shall enter judgment for the defendants and close the case.

SO ORDERED.

*[signature]*
P. Kevin Castel
United States District Judge

Dated: New York, New York
December 5, 2019