IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

NAZIM I. GUITY : CIVIL NO. 18-CV-10387-PKC

vs.

ANTHONY SANTOS P/K/A
ROMEO SANTOS ET AL. :

**O R D E R**

AND NOW, to wit, this ___ day of __________, 2020, upon due consideration, it is hereby ORDERED and DECREED that plaintiffs' Motion for Award of Reasonable Attorneys' Fees pursuant to Section 505 of the Copyright Act is DENIED.

**BY THE COURT**:

_________________________

HON. P. KEVIN CASTEL

U.S.D.J.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

NAZIM I. GUITY CIVIL NO. 18-CV-10387-PKC

:

vs.

ANTHONY SANTOS P/K/A
ROMEO SANTOS ET AL. :

**PLAINTIFF NAZIM I. GUITY'S RESPONSE TO DEFENDANTS' MOTION FOR AWARD OF REASONABLE ATTORNEYS FEES PURSUANT TO SECTION 505 OF THE COPYRIGHT ACT**

To The Honorable Court:

For the reasons set forth in the accompanying Memorandum of Law, and supportive Declarations, your plaintiff and respondent, NAZIM I. GUITY, respectfully requests this Court to deny plaintiffs' Motion For Award of Reasonable Attorneys Fees.

Dated: June 24, 2020

Respectfully submitted,

**LAW OFFICE OF SIMON ROSEN, PLLC**

By: /Simon Rosen, Esq./ (#6279)

Counsel for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

NAZIM I. GUITY : CIVIL NO. 18-CV-10387-PKC

vs.

ANTHONY SANTOS P/K/A
ROMEO SANTOS ET AL. :

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF NAZIM I. GUITY'S RESPONSE TO DEFENDANTS' MOTION FOR AWARD OF COUNSEL FEES UNDER SECTION 505 OF COPYRIGHT ACT**

To The Honorable Court:

Your plaintiff and respondent, NAZIM I. GUITY, by and through his counsel, SIMON J. ROSEN, ESQ., of LAW OFFICE OF SIMON ROSEN, PLLC, hereby submits the following memorandum of law in opposition to defendants' motion for an award of reasonable attorneys fees.

## I. INTRODUCTION/BACKGROUND

### A. PROCEDURAL HISTORY

On August 2, 2017, plaintiff/respondent NAZIM I. GUITY ("GUITY") filed a civil action in the U.S. District Court for the Eastern District of Pennsylvania for copyright infringement against defendants ANTHONY SANTOS, a popular recording artist with a stage name of "ROMEO SANTOS" ("SANTOS"), three (3) SONY corporate entities responsible for the recording and/or distribution of SANTOS's music ("SONY"), and MILTON ALCOVER

RESTITUYO, and WE LOUD, LLC, the owners of the recording studio where the subject music was recorded. See Complaint, attached and incorporated by reference.

Defendants SANTOS and SONY filed a Rule 12(b)(6) Motion to Dismiss, and after the respective parties filed their briefs and Sur Reply briefs, and after oral argument on the merits of the 12(b)(6) motion before the Hon. Michael M. Baylson, the Court chose not to grant the Rule 12(b) motion to dismiss, but instead opted to transfer the case to the U.S. District Court, Southern District of New York on September 26, 2018.

On December 5, 2019, this Court granted plaintiff's dismissal motion, dismissing the Complaint *en toto*. See Opinion, attached and incorporated by reference.

On December 19, 2019, defendant GUITY filed a timely Motion for Reconsideration, which motion is pending before this Court.

Thereafter, on 12/13/2019, 1/29/20, and 2/6/20, this Court entered successive Memo Endorsements authorizing an enlargement of time for defendants' filing of request for counsel fees. The final Endorsement of 2/5/20 required the petition for counsel fees to be filed by 2/20/20. The docket reflects that the actual filing date was 3/25/20. The attempt by defendants SANTOS and SONY to file the petition on 2/20/20 was rejected by the Clerk's office, and the petition was apparently re-filed on 3/25/20. When the Clerk's Office rejected the petition as defective on 2/20/20, defendants never obtained a Memo Endorsement from this Court, or other leave of Court, to further extend the time to file the petition for counsel fees beyond 2/20/20. Therefore, the 3/25/20 filing was untimely as per the Memo Endorsement of this Court. As stated, infra, plaintiff did not become aware of the 3/25/20 until June 19, 2020.

**B. THE MERITS OF THE UNDERLYING CASE**

The well-pled salient facts asserted by GUITY in his Complaint, which are deemed accepted as true for demurrer purposes, are set forth in Paragraphs 10 through 21, inclusive, and are recited verbatim herein, to wit:

> "10. In 2011, plaintiff GUITY, a citizen of the United States of America, solely composed and authored a musical composition titled, "ERES MIA" (hereinafter referred to as "Subject Song").
>
> 11. Subsequent thereto, plaintiff GUITY engaged the services of defendants ALCOVER and WE LOUD as independent contractors, to record and mix the Subject Song at defendant's recording studios which were known at the time as "Los Mejores" recording studios.
>
> 12. GUITY's engagement of defendants ALCOVER and WE LOUD resulted in GUITY's completion of a master sound recording for his musical composition "Eres Mia", the aforepleaded Subject Song.
>
> 13. The Subject Song, entirely created, authored, and composed by plaintiff GUITY, is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.
>
> 14. The Subject Song contains "protectable elements" afforded copyright protection, which protectable elements are inclusive but not limited to the unique lyrical hook, mesmerizing hook, hook containing the same sound, feel cadence, timing and structure; such protectable elements also include unique lyrical themes, unique lyrical content, unique song title, substantially similar concept behind the song's theme, substantially similar melody, substantially similar guitar arrangements, and substantially similar hook and chorus.
>
> 15. Contemporaneously with, and subsequent to plaintiff's recording sessions with defendant ALCOVER and WE LOUD recording studios, defendant ALCOVER collaborated with co-defendant SANTOS at co-defendant WE LOUD recording studios.
>
> 16. As a result of this collaboration, SANTOS recorded a song titled, "ERES Case 2:17-cv-03447-MMB Document 1 Filed 08/02/17 Page 3 of 10 4 MIA", with the assistance of defendants ALCOVER and WE LOUD.
>
> 17. Certain of the copyrightable elements contained in plaintiff's Subject Song were incorporated into defendant's song; defendants subsequently recorded and commercially released their song titled, "Eres Mia".
>
> 18. Plaintiff GUITY duly applied to the Library of Congress copyright office, and received a Certificate of Registration, SR 1-163-479, dated March 25, 2014 for the Subject Song. See Exhibit A, attached and incorporated by reference as though fully set forth herein and made a part hereof.

> 19. Subsequent to its creation, plaintiff GUITY has sought to publish, published, and/or licensed for publication said Subject Song in compliance with federal copyright law, and he has remained the owner of the copyright of the Subject Song.
>
> 20. Subsequent to the issuance of the copyright, defendants infringed upon plaintiff GUITY's copyright by recording, mixing, mastering, distributing, selling, licensing, and/or receiving revenue from versions of a different but substantially similar song entitled "Eres Mia" (collectively referred to as "New Song"); this infringing song is the exact same title as plaintiff's Subject Song.
>
> 21. Defendants' New Song is so substantially similar to plaintiff GUITY's Subject Song as to constitute actionable unlawful copyright infringement under Title 17 of the United States Code and applicable case law.

None of the factual allegations set forth in Paragraphs 10 through 21 of the Complaint were disputed by SANTOS and SONY; defendants disputed the legal conclusions asserted in this Complaint, plaintiff espousing that protectible elements of plaintiff's song "Eres Mia" were substantially similar to SANTOS's song "Eres Mia", and specifying a list of protectible elements which were purportedly infringed upon.

Specifically, plaintiff's legal conclusions asserted in Paragraphs 14, 17, and 21 of the Complaint, which were disputed by defendants SANTOS and SONY, were:

1. Paragraph 14 of the Complaint asserted that defendants unlawfully infringed upon copyrightable elements of plaintiff GUITY's song, such as

> ". . . unique lyrical hook, mesmerizing hook, hook containing the same sound, feel cadence, timing and structure; such protectable elements also include unique lyrical themes, unique lyrical content, unique song title, substantially similar concept behind the song's theme, substantially similar melody, substantially similar guitar arrangements, and substantially similar hook and chorus.

2. Paragraph 17 of the Complaint asserted that those copyrighted elements of plaintiff GUITY's song were used by defendants in SANTOS's song "Eres Mia", which was the exact same song title as plaintiff GUITY's song; and,

3. Paragraph 21 of the Complaint asserted that the substantial similarity between the protectible elements of plaintiff's son and defendants' song constituted unlawful copyright infringement.

To be clear, the two main elements of copyright infringement are possessing a valid copyright, copying of the plaintiff's copyrighted work (including "access" to copy) Here, the Court admitted in its dismissal ruling, at Page 5, that the first two prongs were admitted by defendants,

> "Movants [defendants] do not dispute, that plaintiff has sufficiently alleged ownership of a valid copyright and actual copying of plaintiff's work by defendants".

However, the Court opined that plaintiff did not sufficiently plead protectible elements were infringed upon, and in regard to the portions of plaintiff's copyrighted work that defendant copied, they were either substantially similar or inconsequential.

Defendant/respondent GUITY argues that SANTOS and SONY's motion for counsel fees should be denied, for the reasons set forth herein.

## II. ARGUMENT

### A. APPLICABLE LEGAL STANDARD

Under the seminal case of Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), the United States Supreme Court's decision acted towards establishing a uniform legal standard in regard to Section 505 requests for imposition of reasonable counsel fees. The Court, in Fogerty, held that,

> "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified." Id., citing Hensley v. Eckerhart, 461 U.S. 424, 436 -437 (1983).

In its footnote, the Court enumerated factors including,

> " . . . frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence . .". Id. at 534, n.19.

The Supreme Court in Fogerty stressed the need to apply the standard pertaining to awarding counsel fees under 17 U.S.C. 505 in an even-handed manner, both to plaintiffs and defendants. The Court noted the dichotomy of goals- one the one hand, the goal of the Copyright Act is to protect both the starving artists and large corporations plaintiffs from theft of their intellectual property, while on the other hand, defendants also possess copyrights and our constitution encourages the free exchange of creative expression. Both interests are served by the Copyright Act.

Although the Second Circuit had applied an "objective reasonableness" standard, in 2016, the U.S. Supreme Court, in the case of Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. ___ (2016) weighed in once again on this issue, and held that although the objective reasonableness factor should be afforded "significant weight", the District Courts must consider other factors, including those enumerated in Fogerty, and "view all the circumstances of a case on their own terms in light of the Copyright Act's essential goals." *Id.*, (slip op. at 11).

Therefore, the court should determine whether the action was objectively reasonable to undertake, and then also factor in whether the action was frivolous, ill-motivated, or a diametrically opposed to the purpose of the Copyright Act.

In the end, it appears that this Court, in its discretion, must be guided by equitable considerations, as denoted by the U.S. Supreme Court, and followed by the Second Circuit.

**B. DEFENDANTS' MOTION SHOULD BE DENIED AS UNTIMELY- FOR TWO REASONS**

Defendants' Section 505 motion for an award of reasonable counsel fees is untimely, for

two reasons, and should be denied.

First, plaintiff's request for reconsideration is still pending before this Court. Accordingly, the motion should be denied without prejudice, as premature.

Second, the motion was filed late. The docket entries in this case at bar reflect the following:

1. On 12/5/2019 this Court dismissed plaintiff's Complaint en toto.

2. On 12/10/2019 defense counsel filed a letter with this Court, requesting time to file an anticipated motion for counsel fees.

3. On 12/13/2019 this Court entered a Memo Endorsement granting defendants until 01/31/2020 to file their motion for counsel fees.

4. On 01/29/2020 this Court entered a second Memo Endorsement granting defendants until 02/10/2020 to file their motion for counsel fees, based upon defendants' letter filed with the Court of 01/28/2020 requesting an addition extension of time.

5. On 02/06/2020 this Court entered a third Memo Endorsement granting defendants until 02/20/2020 to file their motion for counsel fees, based upon defendants' letter filed with the Court of 02/05/2020.

6. Defendants did not request leave of Court to obtain additional time to file their motion for counsel fees.

7. On 02/20/2020, defendants' motion for counsel fees was rejected by the Clerk of the Court, noting on the docket, "**FILING ERROR- DEFICIENT DOCKET ENTRY**" denoted in bold font on the docket.

8. Defendants did not file a letter with the Court obtaining a fourth Memo Endorsement extending the time to file their motion for counsel fees; in lieu thereof, defendants re-filed their motion for counsel fees on 03/25/20.

9. As the motion for counsel fees was due by 02/20/2020, and accepted by the Clerk on 02/25/2020, the motion should be denied as untimely, for defendants' failure to obtain a Memo Endorsement as defendants obtained in regard to all prior extensions of time.

Defendants' failure to obtain a proper Memo Endorsement adversely affected plaintiff's notice that the motion for counsel fees was re-filed on 3/25/20 and accepted by the Clerk. Plaintiff first became aware of defendants' subsequent, late, 3/25/20 filing on 06/19/20. On that date, plaintiff's counsel search the docket to see if the Court had entered anything on the docket pertaining to plaintiff's motion for reconsideration. Plaintiff's counsel was shocked to see that, in fact, the motion for counsel fees was re-filed on 03/25/2020; although defendants' affidavit of service states that plaintiff was served via the Court's ECF system and via 1st class mail, plaintiff never received the motion in the mail from defendants, and plaintiff did not see any email from the Court until June 19, 2020. See Declaration of Simon J. Rosen, Esq., attached and incorporated by reference as though fully set forth herein.

As the motion is premature, and as the motion was filed late, the motion should be denied.

**C.THE MOTION SHOULD BE DENIED BECAUSE OF EQUITABLE PRINCIPLES: THIS ACTION WAS NOT FRIVILOUS; WAS NOT INITIATED DUE TO AN IMROPER MOTIVE; PLAINTIFF'S CLAIM WAS OBJECTIVELY REASONABLE; FURTHER, AN AWARD OF COUNSEL FEES COULD HAVE A CHILLING EFFECT ON VALID COPYRIGHT INFRINGEMENT CLAIMS.**

Equitable principles should lead this Court to properly deny defendants' motion. First, the action was not frivolous. "Frivolous" has been defined by the Second Circuit as,

> " . . . when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons". See Gallop v. Cheney, 10-1241-cv (2nd Cir. 2012), quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258–59 (1975).

There was no bad faith, vexatious conduct, nor did plaintiff act wantonly or for oppressive reasons. Plaintiff had no vexatious or ill-motive or bad faith, nor did plaintiff act wantonly or for oppressive reasons. See Declaration of Simon J. Rosen, Esq., cited supra. Nor is the record replete with such apparent misconduct or bad intentions by plaintiff GUITY.

The claim was objectively reasonable. Defendants admitted that plaintiff owned a copyrighted work, and that defendants used his copyrighted work. This Court opined that the copying was not substantial, and that the songs were not substantially similar. This Court also opined that it is plausible that plaintiff actually did possess a copyright infringement claim, however the protectible elements were not properly pled. See Opinion, at P. 8.

With due respect, plaintiff respectfully disagrees with this Court's assertion that the use of the phrase "eres mia" in the song by defendants was not actionable infringement of a protectible element because there is no substantial similarity of this common phrase. The Court opined that this was the case because,

> "eres mia" appears only three times in the Guity Song and does not play a unique or important role in the composition . . .".
>
> See Opinion at P. 10.

Your plaintiff GUITY humbly submits, for determining that the initiation of this case was objectively reasonable, without malice or ill will, and serves the purpose of the Copyright Act, that to the contrary, "eres mia' did, in fact, play a unique or important role in the composition". It is the lyrical hook. It is why the song became so successful. There is nothing in this Court's Opinion to support the conclusion that "eres mia" did not play a unique or important role in the composition. By way of simple example, if "eres mia" did not play a unique or important role, t the song would not have been titled, "Eres Mia" by defendants. Again, plaintiff reiterates that

this argument is for purposes of determining whether counsel fees should be awarded, and this latter argument furthers the objective reasonableness argument in plaintiff's favor warranting Rule 12(b)(6) dismissal. This Court opined, at Page access, the second prong of the element necessary to present a valid copyright action, was met. In his Complaint, plaintiff identified numerous aspects of his song which ostensibly represent protectable elements. This Court greatly relied upon the ordinary observer test, however plaintiff's position has been that reliance on this test is unfair to plaintiff, because the respective **styles** of the two songs differ- plaintiff GUITY's "Eres Mia" is a heavy rock and roll influence- while defendant SANTOS's "Eres Mia" is a romantic, slower "bachata" style of music.

Thus, the Court's dismissal ruling was based upon the Court's "ear". To the naked ear, two songs do not sound substantially similar. However, beneath the surface, the songs are substantially similar, because as the Complaint denoted at Paragraph 14, they both share the same unique lyrical hook, mesmerizing hook, hook containing the same sound, feel cadence, timing and structure; such protectable elements also include unique lyrical themes, unique lyrical content, unique song title, substantially similar concept behind the song's theme, substantially similar melody, substantially similar guitar arrangements, and substantially similar hook and chorus. Further, in response to defendants' dismissal motion, plaintiff attached musicology reports, evidencing further similarities of the two songs. The musicology reports were disregarded by the Court in determining the motion to dismiss, due to GUITY's failure to attach it to the Complaint. Nonetheless, this Court opined that the songs are not substantially similar, and that defendant SANTOS's borrowing elements from plaintiff's song, assuming so borrowed, was inconsequential.

Plaintiff stresses that the substantial similarities are not obvious to the ordinary observer

when the styles of music vary greatly. Plaintiff further stresses that the portions copied by defendants were not unsubstantial aspects of plaintiff's song. Plaintiff respects this Court's ruling, because it was not arbitrary or capricious, it is based in its interpretation and application of the law to the facts, however plaintiff's initiation of this action was objectively reasonable. As such, this Court's dismissal ruling should not give rise to an award of counsel fees.

Finally, GUITY avers that an award of counsel fees could lead to a chilling effect on copyright plaintiffs. The Court, in Kirtsaeng, noted the importance of upholding the purpose of the Copyright Act. The Copyright Act provides relief to aggrieved parties, of all shapes, sizes and economic backgrounds. Your plaintiff/respondent respectfully submits that this action was initiated in the good faith belief that his music was infringed upon, and that such action does not warrant an award of counsel fees. The "British rule" of awarding counsel fees to the prevailing party in an infringement action was categorically shot down by the federal courts. Plaintiff respectfully submits that assuming, *arguendo*, this Court opines that the scale on the "objective reasonableness test" tilt slightly in favor of defendants, the "other relevant factors" set forth in the Forgerty case and it progeny, Kirtsaeng (frivolity, ill will, harm to the spirit of the Copyright Act) weigh heavily in plaintiff GUITY's favor.

As such, this Court should exercise its discretion, and in the spirit of equity, justice and compassion, opt not to award counsel fees to defendants.

**D. THE MOTION SHOULD BE DENIED BECAUSE THE FEES SOUGHT ARE EXCESSIVE AND NOT REASONABLE**

In the unlikely event this Court is inclined to determine that under applicable law an award of fees is warranted at this time, then the motion should be denied because the fees sought are not reasonable.

This Court should take judicial notice of the fact that there were multiple court appearances in Pennsylvania and New York attended by David Aronoff, Esq., although the law firm of Fox Rothschild has many experienced attorneys available, with offices in Pennsylvania and New York, within walking distance to the Courthouse. Billing for Attorney Aronoff in those instances was excessive. Additional examples, *prima facie*, of excessive billing, include:

Page 23 of Exhbit C: Draft of email took 12 mins = $85

Page 27: Two (2) paralegals billing EACH at $175 per hour

Page 29: One (1) 6 minute phone call = $42.50

Page 50: Generic "Preparing for court conference" took 42 mins = $245

Plaintiff respectfully submits that in a jury trial, there is a standard jury instruction which states that if you have found that a witness has given false testimony, then you are free to disregard all of that witness' testimony. Likewise, if this Court believes that these four (4) instances, in dozens of pages of billings, represents excessive billing, this Court can opine that there additional portions of these billings are excessive.

As defendant/movant's motion seeks an award of reasonable attorneys fees, and as the billings are excessive and not reasonable, the within motion should be properly denied.

**III. <u>CONCLUSION</u>**

For the above-stated reasons, this Court should properly DENY plaintiff's motion for an award of reasonable counsel fees.

Dated: June 24, 2020 **LAW OFFICE OF SIMON ROSEN, PLLC**

By: Simon J. Rosen, Esq.

Counsel for Nazim I. Guity

Plaintiff/Respondent

**CERTIFICATE OF SERVICE**

I, Simon J. Rosen, Esq., hereby certify that the foregoing Response to Motion For Award of Reasonable Attorneys Fees and accompanying papers were duly served upon all interested parties through the ECF system and by email on June 24, 2020 as follows:

David Aronoff, Esq.

Email: daronoff@foxrothschild.com

June 24, 2020

/Simon J. Rosen, Esq./
Counsel for Plaintiff/Respondent