IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

NAZIM I. GUITY                                           CIVIL NO. 18-CV-10387-
PKC
                                                    :
vs.

ANTHONY SANTOS P/K/A
ROMEO SANTOS ET AL.                       :

_____

## DECLARATION OF SIMON J. ROSEN, ESQ.

   I, SIMON J. ROSEN, ESQ.  hereby declare under penalty of perjury that the

following is true and correct, to the best of my knowledge, information and belief:

   1.  I am a private adult individual, age 61, licensed to practice law in

Pennsylvania continuously since October 1983; my primary office address is

325 Chestnut Street, Suite 800, Philadelphia PA 19106; I have been in quarantine

and working out of my home office in the basement since Friday, March 13, 2020.

   2.  Effective the week of March 16, 2020, through today and continuing

indefinitely into the future, my physical mail gets forwarded to me either by the

U.S. postal authorities or by the management company at my Chestnut Street

office location.

   3.   I first became aware of defendants' March 25, 2020 re-filing of their

motion for counsel fees on Friday, June 19, 2020.

   4.  I did not work on Saturday 6/20/20 for religious reasons (Jewish

sabbath), and from Sunday June 21 through Wed. June 24 prepared for filing my

client's response to the motion for counsel fees, for filing with the Court.

   5.  I am short-staffed due to COVID-19 concerns and performed all the work

myself to file the response.

6.   On June 19. 2020, I searched the docket to confirm that the Court had not yet ruled on the motion for reconsideration; I had previously tried on one or two occasions to look at the docket, but could not access it due to a technical glitch (linking my PACER Acct to my E-Filing Acct, I believe), but on such occasion(s) it was after hours and I could not call anyone; at that time, I was unaware of the re-filing of the motion for counsel fees on March 25, 2020.

7.   On March 26, 2020, I saw a court-generated email sent to me at 12:02 A.M., of a docket entry stating that notice was given to defense counsel, to "RE-FILE DOCUMENT- DEFICIENT DOCKET ENTRY ERROR" regarding the motion for counsel fees; as the motion package needed to be re-filed; accordingly it was my understanding that defense counsel needed to re-file the motion package and cure the defective filing.

8.  I never received notice, from the Court or from defense counsel, informing me that the motion for counsel fees was re-filed on March 25, 2020 I was awaiting notice.

9.   If I was aware of the 3/25/20 re-filing, I would have either filed my response by March 30, 2020, a per the Memo Endorsement I obtained from His Honor on 02/28/20, or I would have sought an extension of time prior to March 30, 2020 due to COVID-19 quarantine issues- being out my office, no staff, etc. of the re-filing of the motion package.

10.  I never received a copy of the re-filed motion for counsel fees; although the Certificate of Service states that it was sent to my office by regular mail, in the past defense counsel continued to send mail to a former address of 2019 Walnut Street, Phila PA 19103 – which I vacated on April 1, 2019; further, no mail was forwarded to me from either the postal authorities or the management company at my Chestnut Street office location; further, defense counsel did not email me a copy of the re-filed motion for counsel fees

11.  Therefore, plaintiffs' response is filed within five (5) days of receipt of notice of the re-filing of defendants' motion.

12. In my professional opinion, there was no bad faith, frivolity, vexatious intent, or oppressive motive behind the initiation of this action.

13. To the contrary, this was an action filed in good faith and with no bad intent.

14. By way of example, from the time I was retained to represent plaintiff GUITY, through after this Court's dismissal Order was entered, GUITY turned down  numerous offers to give interviews- to obtain publicity, promotion, and exposure, for his benefit, and to the detriment of defendant SANTOS.

15. On more than one occasion, I received communication from a publication asking for comment about the case from me or my client GUITY; on every occasion, I flatly refused comment.

16. At no point has GUITY, or anyone on his behalf made any disparaging remarks about SANTOS or SONY.

17. Conversely, approximately one to two years ago, GUITY was planning a family trip to the Dominican Republic, where SANTOS is very popular, and GUITY informed me that he received threats due to his filing an action against SANTOS, due to SANTOS's wild popularity there; GUITY pursued this action due to his music being used by SANTOS without permission.

18.  My private practice has been involved in entertainment law for the past 36 years, and in my opinion an award of counsel fees could have a chilling effect on future litigable copyright infringement actions; it is my firm belief that the vast majority of actual infringements in music go unfettered, due to a myriad of reasons, including inability to afford legal counsel to pursue such an action; awarding counsel fees here would serve no purpose here except to harm a man already adversely affected by this case.

18. In a conversation with plaintiff GUITY on June 21, 2020, he stated the following to me:

a) I live in a rented apartment with my girlfriend; I have shared custody of my 3 year old son, Nazim Amir Guity, Jr.

b) I do not own any real estate.

c) I have little or no money in savings or investments, or anywhere else.

d) I barely survive financially being self-employed; being self-employed a can barely break even or I loss money, and things have been made much worse since the coronavirus pandemic started.

e) I did not file this lawsuit against Mr. Santos and the other defendants with any bad intent- I believed my music was taken from me and used by the defendants, and I believed that the music taken was substantial and significant.

f) From the time the lawsuit was filed, until today, to my knowledge defendants have not ever disputed that my music was used by the defendants.

g) To be clear, all I sought was an opportunity to be heard and to be fairly Compensated for what I believe was the improper taking of my music.

h) I am aware that nothing is guaranteed in litigation, and I pursued this case with the good faith belief that my song was infringed upon; there was no malice or ill will involved.

i) If a money judgment is entered against me,  it will harm my credit, and it will harm me financially and emotionally; it would also provide a manner for Mr. Santos to punish me for asserting my right to be heard in Court.

The above statements are true and correct, to the best of my knowledge, information and belief.


June 24, 2020

‾‾/Simon J. Rosen, Esq./