UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NAZIM I. GUITY,

                        Plaintiff,                              18-cv-10387 (PKC)

    -against-                                        OPINION
                                                         <u>AND ORDER</u>

ANTHONY SANTOS, et al.,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Nazim I. Guity moves to reconsider this Court's Opinion and Order of December 5, 2019 granting defendants' motion to dismiss plaintiffs' copyright infringement claims. Briefly, plaintiff alleged that he composed, authored, and was granted a copyright for a musical composition, entitled "Eres Mia" (the "Guity Song"). (Compl. ¶¶ 10, 18). Anthony Santos, working with others, recorded a song entitled "Eres Mia" (the "Santos Song"). (Compl. ¶¶ 15–16). Plaintiff alleged that the Santos Song incorporated protected elements of, is substantially similar to, and infringes the copyright for the Guity Song. (Compl. ¶¶ 20–21). "Eres Mia," translated from Spanish to English, means "You're Mine." Applying established principles of copyright law, the Court concluded that under both the reasonable observer and the more discerning observer tests, the two works were not substantially similar as a matter of law.

        As an alternative to his request for reconsideration, plaintiff seeks to amend his Complaint. Defendants separately move as prevailing parties for an award of attorneys' fees under section 505 of the Copyright Act of 1976. 17 U.S.C. § 505. For reasons that will be explained, plaintiff's and defendants' motions will be denied.

I.  Plaintiff's Motion to Reconsider.

The Court's December 5, 2019 Opinion and Order set out the governing principles of copyright law and applied them to the allegations of the Complaint, supplemented by the copyrighted Guity Song and the accused Santos Song as well as a translation of the lyrics of the two songs. (Doc. 62). Among the Court's conclusions were that "[u]nder either the reasonable observer test, which requires the Court to evaluate the similarities between works through the eyes of an average lay listener, or the more discerning observer test, which requires the Court to look mainly at the protected elements of a song, the 'total concept[s] and overall feel[s]' of the Guity Song and the Santos Song respectively are so distinct as to prevent a finding of substantial similarity." (Doc. 62 at 10).

In moving to reconsider under Local Civil Rule 6.3 and Rule 59(e), Fed. R. Civ. P., plaintiff asserts that the Court failed to take account of what it calls the "fragmented literal similarity" of the two works, citing Bridgeport Music, Inc. v. UMG Recordings, Inc., 585 F.3d 267, 273 (6th Cir. 2009). While the terminology "fragmented literal similarity" has not been widely accepted by Courts in this Circuit, this Court accepts the proposition that "the copying of a relatively small but qualitatively important or crucial element can be an appropriate basis upon which to find substantial similarity." Bridgeport Music, 585 F.3d at 275.

As Judge Nathan of this Court has pointed out, even a finding that there is an identical fragment in the protected and accused compositions is the beginning, not the end of the analysis, on a Rule 12(b)(6), Fed. R. Civ. P., motion:

> Having determined that this case is best viewed as one involving "fragmented literal similarity," the question of substantial similarity is determined by an analysis of "whether the copying goes to trivial or substantial elements" of the *original work*.

TufAmerica, Inc. v. Diamond, 968 F. Supp. 2d 588, 598 (S.D.N.Y. 2013) (quoting Newton v. Diamond, 388 F.3d 1189, 1195 (9th Cir. 2004)).

As this Court's December 5, 2019 Opinion and Order makes plain, the Court examined the two works in their totality as well as their individual elements, including their identical titles ("Eres Mia"), use of common words and phrases ("mine," "love," "baby," "night"), and the similarity or, more accurately, dissimilarity of the musical compositions. The common elements in these two works are trivial, insubstantial, and insufficient to plausibly support the copyright infringement allegations of the Complaint.

II.   Plaintiff's Alternative Request to Amend the Complaint.

Alternatively, plaintiff' seeks to amend his Complaint to expand and expound on his infringement claims and theories. This relief is also denied for reasons that will be explained.

This action commenced in the Eastern District of Pennsylvania and was transferred to this District on September 26, 2018. Before transfer, the defendants filed a comprehensive motion to dismiss arguing that, under Rule 12(b)(6), the Complaint failed to plausibly allege copyright infringement because the two works were not substantially similar as a matter of law. In responding to this motion, Guity relied upon the same "fragmented literal similarity" theory that he advances here.

After transfer, defendants filed a five-page single-spaced letter with exhibits setting forth the basis for its renewed motion to dismiss. (Doc. 48). At a conference held before this Court on January 8, 2019, the Court offered the plaintiff the opportunity to amend his Complaint. In a Scheduling Order of that date, the Court granted him leave to amend his Complaint and gave him until January 22, 2019 to do so. (Doc. 49). Plaintiff simply did not file an Amended Complaint. Accordingly, defendants proceeded to file their motion to dismiss on February 15, 2019. (Doc. 52; refiled Mar. 7, 2019 as Doc. 53).

3

The same January 8, 2019 Scheduling Order which gave plaintiff the right to file an Amended Complaint by January 22, 2019 also provided that "the Court hereby limits the time to amend the complaint as of right or move to amend to the later of the following:  (a) the date to amend as of right under Rule 15, Fed. R. Civ. P.; or (b) 21 days from the filing of the motion to dismiss."  Plaintiff did not file an amended pleading or motion to amend within 21 days of the filing of the motion to dismiss.  Indeed, in opposing the motion to dismiss, plaintiff did not seek leave to amend his Complaint.  (Doc 60).

Rule 15(a)(2), Fed. R. Civ. P., provides that a "court should freely give leave [to amend] when justice so requires."  But Rule 15 is read in conjunction with Rule 16(a), Fed. R. Civ. P., which establishes "expediting the disposition of [an] action" as one of the purposes of a pretrial conference.  Rule 16(b)(3) sets forth both permissive and required content of a court's scheduling order, stating that "[t]he scheduling order must limit the time to . . .  amend the pleadings." Rule 16(b)(3)(A).  A scheduling order "may be modified only for good cause and with the judge's consent."  Rule 16(b)(4).  This Court's Scheduling Order of January 8, 2019 set the date by which plaintiff could file an amended pleading.  He did not do so within the time limit set by the Court and no request for an extension was made before its expiration.

In Parker v. Columbia Pictures Indus., the Second Circuit joined other circuits "in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." 204 F.3d 326, 340 (2d Cir. 2000).  The diligence of the moving party is an important factor in determining whether good cause has been shown, but it is not the only consideration.  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).  Prejudice to the non-moving party is a relevant consideration, id., but the absence of

4

prejudice is not alone sufficient to demonstrate good cause, Gullo v. City of New York, 540 Fed. App'x 45, 47 (2d Cir. 2013) (summary order).

Here plaintiff has not been diligent. He had the complete text of defendants' motion to dismiss filed in the Eastern District of Pennsylvania and a five-page single space letter filed in this District. He was granted leave to file an amended pleading by a given a date and did not do so and sought no extension of the date. He had the full text of defendants' motion to dismiss filed in this District and was given 21 days within which to seek a further amendment but did not do so. The defendant would be prejudiced by being required to file a third motion to dismiss in response to a belatedly filed amended pleading. Plaintiff has failed to show good cause. The application for leave to file an amended complaint will be denied.

III.    Defendants' Motion for Attorneys' Fees.

Defendants move for an award of attorneys' fees and costs. They invoke section 505 of the Copyright Act that permits the Court to award to "the prevailing party" their costs of suit, including attorneys' fees. 17 U.S.C. § 505. "[T]he award of attorney's fees is within the sound discretion of the court." N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d 250, 253 (2d Cir.1992). "[N]o precise rule or formula" governs the determination of when such an award should be granted. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436–437 (1983)). Relevant considerations include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 534 n. 19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)).

The Court cannot say that the plaintiff's claims are objectively unreasonable or frivolous. The Court can discern no extraneous motive for the litigation; the Complaint simply

5

alleges copyright infringement. In terms of considerations of compensation and deterrence, there was no bad litigation conduct or untoward behavior that requires deterrence. The Court recognizes that the mere assertion of an unmeritorious claim may alone require compensation and deterrence but does not consider this to be such a case. Plaintiff felt aggrieved because, among other things, the two songs had the same title and then sought a judicial resolution of the question. This action never proceeded beyond the motion to dismiss stage. Based upon a review of the entirety of the record, defendants' motion for attorneys' fees is denied.

CONCLUSION

Plaintiffs' motion for reconsideration or, alternatively, to amend his complaint, (Doc. 66), is DENIED. Defendants' motion for attorneys' fees, (Doc. 76), is DENIED. The Clerk shall terminate the motions

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 28, 2020